## White, Jr., Trustee, v. St. Paul Fire & Marine Ins. Co. et al.

*Nogi, O'Malley & Harris*, for plaintiff.
*John W. Bour*, for defendants.

ROBINSON, J., January 31, 1955.—This matter is before us on preliminary objections which question the venue of the action.

Plaintiffs sued defendant insurance companies, in assumpsit, upon four policies of fire insurance to recover a loss caused by fire to a building owned by the

Pocono Hosiery Mills, Inc., and located at 49 Prospect Street, East Stroudsburg, in Monroe County in this Commonwealth. Service of the complaint was made upon the Insurance Commissioner of the Commonwealth under the Act of May 17, 1921, P. L. 789, amended by the Act of April 27, 1927, P. L. 476, 40 PS §48. The complaint avers a loss by fire in the premises which defendants refused to pay.

Defendants are foreign fire insurance companies registered to do business in Pennsylvania. Plaintiff, Major Lee White, Jr., is the duly qualified trustee in bankruptcy of the Pocono Hosiery Mills, Inc., and the East Stroudsburg National Bank is a banking corporation organized under the laws of the United States with a mortgagee's interest in the fire insurance.

The complaint alleges that defendant companies at all times herein concerned were "regularly conducting business" in Lackawanna County, had "duly registered to do business in the Commonwealth", and entered into the Commonwealth and this county "for the purpose of realizing pecuniary profit".

Defendants argue that the action should be dismissed for lack of venue because the cause of action arose in Monroe County and originating process was not served in Lackawanna County.

The Pennsylvania Rules of Civil Procedure provide a complete answer to this contention. The action is, of course, transitory. Pa. R. C. P. 2179 (a) (2) provides that a personal action against a corporation may be brought in "a county where it regularly conducts business", and paragraph (b) expressly makes this provision applicable to an action upon an insurance policy brought against an insurance company doing business in the Commonwealth. Pa. R. C. P. 2180 sets out the methods which may be employed to serve process upon a corporation. These methods are set out in the

disjunctive and where two or more are available any one may be utilized. The methods of service provided for in this rule are cumulative and cannot be considered to exclude one another.

Neither is there anything in rule 2180 which modifies or affects the venue provisions of rule 2179. The service of original process on the insurance commissioner as statutory agent of the defendants does not limit the venue to the county where the cause of action arises.

The allegations of the complaint respecting the doing of business here must be taken as true and so taken, it is clear that they are sufficient to lay venue in this county.

Now, January 31, 1955, the preliminary objections to the complaint are overruled. Defendants are allowed 20 days to make answer.